**NATIONAL LABOR RELATIONS BOARD v. UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL UNION NO. 55, AFL, et al.**

No. 4606.

United States Court of Appeals
Tenth Circuit.

June 20, 1953.

Harry Irwig, Washington, D. C. (George J. Bott, David P. Findling, A. Norman Somers Owsley Vose, and Melvin Spaeth, Washington, D. C., on the brief), for petitioner.

Wayne D. Williams, Denver, Colo. (Wayne C. Williams, Denver, Colo., on the brief), for respondents.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

This proceeding is before the court on petition of the National Labor Relations Board seeking enforcement of its order requiring United Brotherhood of Carpenters and Joiners of America, Local Union No. 55, American Federation of Labor, and Frank Allen, a member of such local, to cease and desist from restraining and coercing employees of the Grauman Company in the exercise of their right to refrain from joining the Union, or any other labor organization, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized by section 8(a) (3) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., and to post notices.

The issues presented are whether there is substantial evidence in the record to sustain the finding of the Board that the acts of Allen in striking with his fist a non-union employee of the Grauman Company and in making statements to non-union employees of such company to the effect that they could not work on a cer-

tain construction job in Denver, Colorado, unless they belonged to a union were within Allen's authority as a steward of the Union on such job; and whether Allen's blow and statements constituted unfair labor practices under the Act. There is no need to detail the evidence or to engage in extended discussion of the nature of acts, conduct, or statements which constitute unfair labor practices. It is enough to say that we think the order of the Board is sustained both in fact and in law. Accordingly, an order of enforcement will be entered.